UNITED STATES DISTRICT COURT
STATE OF LOUISIANA
WESTERN DISTRICT

| | |
|---|---|
| ALVIN P. REED and BETTY REED, ALLEN JAMES ANDERSON and SARAH JANE ANDERSON, BILLIE JEAN VERNIER, MURPHY ASHWORTH, CLIFFORD MOLOY MOUNT and KIMBERLY ASHWORTH MOUNT, THOMAS LEE WORTHEN and MARY LOUISE WORTHEN, JERRY DON WHITTINGTON and DEBRA WHITTINGTON, JAMES VERNON MOSES<br><br>VERSUS<br><br>INTERNATIONAL PAPER COMPANY AND STATE OF LOUISIANA, DEPARTMENT OF ENVIRONMENTAL QUALITY | CIVIL ACTION NO. 14-CV-2598<br><br>JUDGE: MINALDI<br><br>MAGISTRATE JUDGE: KAY |

### DEFENDANT INTERNATIONAL PAPER COMPANY'S DEFENSES, ANSWERS, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' PETITION FOR DAMAGES

NOW INTO COURT, through the undersigned counsel, comes Defendant International Paper Company ("IP"), who, in response to Plaintiffs' Petition for Damages ("Petition"), states to wit:

### FIRST DEFENSE

Plaintiffs' Petition fails to state a claim against IP upon which relief can be granted.

### SECOND DEFENSE

And now, answering Plaintiffs' Petition paragraph by paragraph, IP states as follows:

1.

IP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and on this basis, denies those allegations.

2.

IP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and on this basis, denies those allegations.

3.

IP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and on this basis, denies those allegations.

4.

IP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and on this basis, denies those allegations.

5.

IP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and on this basis, denies those allegations.

6.

IP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and on this basis, denies those allegations.

7.

IP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and on this basis, denies those allegations.

8.

IP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and on this basis, denies those allegations.

9.

IP denies the allegations of Paragraph 9 of the Petition.

10.

IP admits that it is incorporated in the State of New York and that its principal place of business is located in the State of Tennessee.  IP admits that it is authorized to do business in Louisiana.  To the extent that Paragraph 10 calls for a legal conclusion, no response is required.  To the extent Paragraph 10 contains additional factual allegations requiring a response, IP denies those allegations. To the extent that Paragraph 10 is directed to Defendants other than IP, no response is required by IP to those allegations.

11.

IP admits that it acquired Longbell Lumber Company in 1956 and, at that time, Longbell owned and operated a wood preserving and treatment facility in DeRidder, Louisiana. To the extent Paragraph 11 contains additional factual allegations requiring a response, IP denies those allegations.

12.

IP admits that it acquired Longbell Lumber Company in 1956 and continued operation of the Treated Wood Products Facility in DeRidder, Louisiana until its closure.  IP further admits that it continues to own, maintain, and control the site.  To the extent Paragraph 12 contains additional factual allegations requiring a response, IP denies those allegations.

13.

IP admits that operations at the DeRidder Plant included treatment of utility poles and other wood products using creosote and pentachlorophenol in solution in diesel fuel as preservatives. IP operated the DeRidder Plant until its closure. IP denies the remaining allegations of Paragraph 13 of the Petition.

14.

IP admits that the DeRidder Plant utilized a wastewater treatment system to handle wastewater generated in the wood treatment process and for the recovery of chemicals utilized in those processes. IP denies the remaining allegations of Paragraph 14 of the Petition.

15.

IP admits that the DeRidder Plant utilized a wastewater treatment system to handle wastewater generated in the wood treatment process and for the recovery of chemicals utilized in those processes. IP denies the remaining allegations of Paragraph 15 of the Petition.

16.

IP admits that in the normal course of the operations of the DeRidder Plant, certain substances were released to the environment in accordance with federal and state law. IP denies the remaining allegations of Paragraph 16 of the Petition.

17.

IP admits that in the normal course of the operations of the DeRidder Plant, certain substances were released to the environment in accordance with federal and state law. IP denies the remaining allegations of Paragraph 17 of the Petition.

18.

IP admits that it operated the DeRidder Plant until its closure. IP denies the remaining allegations of Paragraph 18 of the Petition.

19.

IP admits that investigations related to impoundment closure at the DeRidder Plant were begun in 1982. IP denies the remaining allegations of Paragraph 19 of the Petition.

20.

IP denies the allegations of Paragraph 20 of the Petition.

21.

IP denies the allegations of Paragraph 21 of the Petition.

22.

To the extent that Paragraph 22 is directed to Defendants other than IP, no response is required by IP to those allegations. To the extent Paragraph 22 calls for a legal conclusion, no response is required. To the extent Paragraph 22 contains factual allegations requiring a response, IP denies those allegations.

23.

To the extent that Paragraph 23 is directed to Defendants other than IP, no response is required by IP to those allegations. To the extent Paragraph 23 calls for a legal conclusion, no response is required. To the extent Paragraph 23 contains factual allegations requiring a response, IP denies those allegations.

24.

To the extent that Paragraph 24 is directed to Defendants other than IP, no response is required by IP to those allegations. To the extent Paragraph 24 calls for a legal conclusion, no response is required.  To the extent Paragraph 24 contains factual allegations requiring a response, IP denies those allegations.

25.

IP admits that certain governmental and research bodies have purported to classify PCPs as to their potential to produce health effects in humans, and have published documents that speak for themselves.  IP denies the remaining allegations contained in Paragraph 25 of the Petition.

26.

IP admits that certain governmental and research bodies have purported to classify different congeners of dioxins as to their potential to produce health effects in humans, and have published documents that speak for themselves.  IP denies the remaining allegations contained in Paragraph 26 of the Petition.

27.

IP admits that certain governmental and research bodies have purported to classify polycyclic aromatic hydrocarbons as to their potential to produce health effects in humans, and have published documents that speak for themselves.  IP denies the remaining allegations contained in Paragraph 27 of the Petition.

28.

IP denies the allegations of Paragraph 28 of the Petition.

29.

IP denies the allegations of Paragraph 29 of the Petition.

30.

IP denies the allegations of Paragraph 30 of the Petition.

31.

To the extent Paragraph 31 calls for a legal conclusion, no response is required. IP admits that in the normal course of the operation of the DeRidder Plant, certain substances were released to the environment in accordance with federal and state law. IP denies all remaining allegations of Paragraph 31 of the Petition.

32.

IP admits that in the normal course of the operation of the DeRidder Plant, certain substances were released to the environment in accordance with federal and state law. IP denies the remaining allegations of Paragraph 32 of the Petition.

33.

To the extent Paragraph 33 calls for a legal conclusion, no response is required. To the extent Paragraph 33 contains factual allegations requiring a response, IP denies those allegations.

34.

IP denies the allegations of Paragraph 34 of the Petition.

35.

To the extent Paragraph 35 calls for a legal conclusion, no response is required. To the extent Paragraph 35 contains factual allegations requiring a response, IP denies those allegations.

36.

To the extent that Paragraph 36 is directed to Defendants other than IP, no response is required by IP to those allegations. To the extent Paragraph 36 calls for a legal conclusion, no response is required. To the extent Paragraph 36 contains factual allegations requiring a response, IP denies those allegations.

37.

To the extent Paragraph 37 calls for a legal conclusion, no response is required. To the extent Paragraph 37 contains factual allegations requiring a response, IP denies those allegations.

38.

To the extent Paragraph 38 calls for a legal conclusion, no response is required. To the extent Paragraph 38 contains factual allegations requiring a response, IP denies those allegations.

39.

To the extent Paragraph 39 calls for a legal conclusion, no response is required. To the extent Paragraph 39 contains factual allegations requiring a response, IP denies those allegations.

40.

To the extent Paragraph 40 calls for a legal conclusion, no response is required. To the extent Paragraph 40 contains factual allegations requiring a response, IP denies those allegations.

41.

To the extent Paragraph 41 calls for a legal conclusion, no response is required. To the extent Paragraph 41 contains factual allegations requiring a response, IP denies those allegations.

42.

To the extent Paragraph 42 calls for a legal conclusion, no response is required. To the extent Paragraph 42 contains factual allegations requiring a response, IP denies those allegations.

43.

To the extent that Paragraph 43 is directed to Defendants other than IP, no response is required by IP to those allegations. To the extent Paragraph 43 calls for a legal conclusion, no response is required. To the extent Paragraph 43 contains factual allegations requiring a response, IP denies those allegations.

44.

To the extent that Paragraph 44 is directed to Defendants other than IP, no response is required by IP to those allegations. To the extent Paragraph 44 calls for a legal conclusion, no response is required. To the extent Paragraph 44 contains factual allegations requiring a response, IP denies those allegations.

45.

To the extent that Paragraph 45 is directed to Defendants other than IP, no response is required by IP to those allegations. To the extent Paragraph 45 calls for a legal conclusion, no response is required. To the extent Paragraph 45 contains factual allegations requiring a response, IP denies those allegations.

46.

To the extent Paragraph 46 calls for a legal conclusion, no response is required. To the extent Paragraph 46 contains factual allegations requiring a response, IP denies those allegations.

47.

To the extent Paragraph 47 calls for a legal conclusion, no response is required. To the extent Paragraph 47 contains factual allegations requiring a response, IP denies those allegations.

48.

To the extent Paragraph 48 calls for a legal conclusion, no response is required. To the extent Paragraph 48 contains factual allegations requiring a response, IP denies those allegations.

49.

To the extent Paragraph 49 calls for a legal conclusion, no response is required. To the extent Paragraph 49 contains factual allegations requiring a response, IP denies those allegations. The laws of the State of Louisiana provide no basis for the recovery of punitive damages in this matter.

50.

To the extent Paragraph 50 calls for a legal conclusion, no response is required. To the extent Paragraph 50 contains factual allegations requiring a response, IP denies those allegations.

51.

IP admits that it operated the DeRidder Treated Wood Products Facility until its closure. To the extent Paragraph 51 calls for a legal conclusion, no response is required. To the extent Paragraph 51 contains additional factual allegations requiring a response, IP denies those allegations. The laws of the State of Louisiana provide no basis for the recovery of punitive damages in this matter.

52.

To the extent Paragraph 52 calls for a legal conclusion, no response is required. To the extent Paragraph 52 contains factual allegations requiring a response, IP denies those allegations.

53.

To the extent Paragraph 53 calls for a legal conclusion, no response is required. To the extent Paragraph 53 contains factual allegations requiring a response, IP denies those allegations.

54.

To the extent Paragraph 54 calls for a legal conclusion, no response is required. To the extent Paragraph 54 contains factual allegations requiring a response, IP denies those allegations.

55.

To the extent Paragraph 55 calls for a legal conclusion, no response is required. To the extent Paragraph 55 contains factual allegations requiring a response, IP denies those allegations.

56.

To the extent Paragraph 56 calls for a legal conclusion, no response is required. To the extent Paragraph 56 contains factual allegations requiring a response, IP denies those allegations.

57.

To the extent Paragraph 57 calls for a legal conclusion, no response is required. To the extent Paragraph 57 contains factual allegations requiring a response, IP denies those allegations.

58.

To the extent Paragraph 58 calls for a legal conclusion, no response is required. To the extent Paragraph 58 contains factual allegations requiring a response, IP denies those allegations.

59.

To the extent Paragraph 59 calls for a legal conclusion, no response is required.  To the extent Paragraph 59 contains factual allegations requiring a response, IP denies those allegations.  The laws of the State of Louisiana provide no basis for the recovery of punitive damages in this matter.

60.

To the extent Paragraph 60 calls for a legal conclusion, no response is required.  To the extent Paragraph 60 contains factual allegations requiring a response, IP denies those allegations.

## AD DAMNUM

In response to the final, unnumbered paragraph of the Petition, beginning "WHEREFORE," to the extent any additional response is required, IP denies that Plaintiffs have any basis for judgments against it and alleges that Plaintiffs should be denied all relief and that IP be awarded costs of court and such other relief as is just.

Except as expressly admitted, IP denies the allegations in the Petition.

**AND NOW FURTHER ANSWERING, IP SAYS:**

### FIRST AFFIRMATIVE DEFENSE
**(Peremption/Prescription)**

Plaintiffs' claims for relief are barred in whole or in part by peremption and/or prescription.

### SECOND AFFIRMATIVE DEFENSE
**(Damages Requested Not Recoverable)**

The damages sought by Plaintiffs are not recoverable under Louisiana law.

## THIRD AFFIRMATIVE DEFENSE
### (Contributory Negligence)

Plaintiffs' claims for negligence are barred based on the Plaintiffs' conduct as set forth in the following non-exclusive particulars:

    a. Failing to take proper precautions for their own safety;

    b. Failing to use due care;

    c. Exposing themselves or their property to matters well known to them.

## FOURTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

Pleading in the alternative, if Plaintiffs' claims are not barred by their conduct as set forth in the preceding defense, IP pleads the comparative fault of the Plaintiffs in mitigation of the Plaintiffs' claims.

## FIFTH AFFIRMATIVE DEFENSE
### (Non-Cognizability of Trespass Claims)

Plaintiffs' trespass claim is not cognizable as trespass under Louisiana law.

## SIXTH AFFIRMATIVE DEFENSE
### (Non-Cognizability of Nuisance Claim)

Plaintiffs' claim for nuisance is not cognizable under LA C.C. art. 667.

## SEVENTH AFFIRMATIVE DEFENSE
### (Non-Cognizability of Nuisance Claim)

Plaintiffs' claim for nuisance is barred under LA C.C. art. 668 and 669.

### EIGHTH AFFIRMATIVE DEFENSE
### (Unavailability of Injunctive Relief)

Plaintiffs' are not entitled to injunctive relief under the law as other relief is available.

### NINTH AFFIRMATIVE DEFENSE
### (Lack of Capacity And/Or Standing)

Plaintiffs, or some of them, lack capacity or standing to assert the claims in the Petition.

### TENTH AFFIRMATIVE DEFENSE
### (Waiver)

The claims asserted have been waived in whole or in part by Plaintiffs.

### ELEVENTH AFFIRMATIVE DEFENSE
### (No Basis for Punitive Damages)

The Petition fails to state a claim upon which punitive damages may be awarded to Plaintiffs.

### TWELFTH AFFIRMATIVE DEFENSE
### (Unconstitutionality (United States) of Punitive Damages)

IP avers that any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to IP under the Constitution of the United States of America.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Unforeseeability/Outside the Scope)

Plaintiffs' claims are barred to the extent that any actions by IP's agents or employees that purportedly injured Plaintiffs' properties were unforeseeable and/or outside the course and scope of that person's or entity's agency or employment.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Collateral Payment)

To the extent Plaintiffs receive payments for any of the damages alleged in the Petition from collateral sources, any damages awarded should be reduced accordingly.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Injuries Attributable to Third Parties)

Plaintiffs' claims are barred, in whole or part, to the extent any damages suffered by Plaintiffs were proximately caused, in whole or in part, by persons and/or entities that are neither agents nor employees of IP, and no legal or factual basis exists for imposing liability upon IP for the acts or omissions of any such other persons and/or entities.  Fault should be apportioned to such persons and entities pursuant to La. C.C. art. 2323, and any award of damages against IP should be reduced accordingly.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (No Actual Injury or Damage)

Plaintiffs' claims are barred to the extent they have not suffered any actual injury or damage.  IP asserts this defense in the alternative, and only to the extent that the Court holds that the issue is properly a matter for affirmative defense rather than part of Plaintiffs' case.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Due Care)

At all times relevant, IP acted with due care and in accordance with all statutory and regulatory requirements regarding the operation of its facility, including, but not limited to the handling of wastes.  Furthermore, IP's activities were at all times performed in compliance with good, accepted, standard practices and procedures of the industry and were reasonable under the circumstances.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Superseding Negligence)

Plaintiffs' claims are barred or limited by the superseding or intervening negligence or other acts or omissions of third parties over whom IP had no control, and if IP acted in any

manner negligently or wrongfully, which IP expressly denies, the aforesaid negligence of third parties, or other acts or omissions of third parties, constituted an intervening and superseding cause of all damages alleged in the Petition or any claim contained therein.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

To the extent that Plaintiffs' alleged damages are impermissibly remote and speculative, Plaintiffs are barred from the recovery of any such damages against IP in this action. IP asserts this defense in the alternative, and only to the extent that the Court holds that the issue is properly a matter for affirmative defense rather than part of Plaintiffs' case.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

Plaintiffs' claims are barred in whole or in part to the extent they have failed to mitigate their damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Equitable Doctrines)

Plaintiffs' claims are barred in whole or in part by the equitable doctrines of estoppel and laches.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Lack of Intent)

Plaintiffs' claims based on allegations of trespass are barred in whole or in part because IP and its officers and/or agents lack the requisite intent, including specific intent and/or willfulness, necessary to establish trespass.  IP asserts this defense in the alternative, to the extent that the Court holds that the issue is properly a matter for affirmative defense rather than part of Plaintiffs' case.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Isolated Acts)

The alleged actions are isolated, occasional, and periodic acts and therefore are not sufficient to constitute a private nuisance.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

No act of IP proximately caused the damages claimed by Plaintiffs.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

One or more of Plaintiffs' claims are barred in whole or in part by accord and satisfaction.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Disruption of the Administrative Scheme)

Plaintiffs' claims are barred and preempted to the extent they seek remedies that duplicate and will disrupt, conflict and/or interfere with complex state and federal administrative schemes and that will require resolution of complex and unsettled questions of state and federal administrative law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Subsequent Purchaser)

IP pleads the subsequent purchaser doctrine as an affirmative defense.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Prematurity)

Plaintiffs' claims are premature.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Improper Collateral Attack)

The claims against LDEQ amount to an improper collateral attack on administrative decisions.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Additional Defenses)

IP expressly and specifically reserves the right to amend this Answer to add, delete, and/or modify defenses based upon legal theories, facts, and circumstances that may or will be divulged through discovery and/or further legal analysis of Plaintiffs' position in this litigation.

WHEREFORE, IP prays:

(1) For judgment herein, dismissing Plaintiffs' claims against it with prejudice at Plaintiffs' sole cost;

(2) Alternatively, for any judgment or award in favor of the Plaintiffs against IP to be reduced in proportion to the percentage of fault and negligence or either of Plaintiffs, other defendants, and of any other parties and third parties, in accordance with law and to the extent to which Plaintiffs failed to mitigate their damages, if any; and

(3) For all other relief, legal and equitable, to which IP may be entitled.

Respectfully submitted,

/s/     *Michael A. Chernekoff*
MICHAEL A. CHERNEKOFF (La. Bar No. 01295)
Federal ID No. 257100
Jones Walker LLP
First City Tower
1001 Fannin Street, Suite 2450
Houston, Texas 77002
Telephone:  (713) 437-1827
Facsimile:  (713) 437-1810

and

LAUREN C. MASTIO (La. Bar No. 33077)
HEATHER L. KIRK (La. Bar No. 35192)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8518
Facsimile:  (504) 589-8518

***Attorneys for International Paper Company***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by U.S. Mail and/or by filing the same in this Court's CM/ECF System this 12th day of September, 2014.

/s/     *Michael A. Chernekoff*
**MICHAEL A. CHERNEKOFF**