UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ALVIN P. REED, ET AL** | * | CIVIL ACTION NO. 14-CV-2598 |
| | * | |
| **VERSUS** | * | JUDGE PATRICA MINALDI |
| | * | |
| **INTERNATIONAL PAPER** | * | |
| **COMPANY, ET Al** | * | MAGISTRATE KATHLEEN KAY |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE
PLAINTIFFS' OBJECTION TO REPORT AND RECOMMENDATIONS
DENYING PLAINTIFFS' MOTION TO REMAND AND
GRANTING *SUA SPONTE* SUMMARY DISMISSAL OF THE LDEQ**

Defendant INTERNATIONAL PAPER COMPANY ("IP") erroneously argues that Plaintiffs' Objections to the Magistrate Judge's Memorandum Ruling or the Magistrate Judge's Report and Recommendations were not timely filed and should be stricken. This hyper technical, ill-founded argument of "gotcha" is simply not supported by the record. In addition, IP attempts to create artificial deadline distinctions between the Magistrate Judge's simultaneous ruling denying plaintiffs' Motion to Remand and her accompanying Report and Recommendation which recommended the dismissal of the LDEQ. Finally, IP characterizes the April 16, 2015 deadline for objecting to the Report and Recommendations set forth in the minute entry as a "misstatement" by the Clerk of Court, which is simply not true.

The Magistrate Judge issued her simultaneous rulings on March 30, 2015. A Memorandum Ruling (Doc. 16) was issued at 1:22 p.m. CDT and a Report and Recommendations (Doc. 17) was issued at 1:25 p.m. CDT via an automatic e-mail message generated by the CM/ECF system (attached as Exhibits "A" and "B"). In the conclusion of the Memorandum Ruling, the Magistrate Judge specifically stated as follows:

1

> "For the reasons set forth above, we find that the defendant has carried the burden of showing the plaintiffs have no reasonable possibility of recovery against the LDEQ. Thus, the agency was improperly joined to this action. The plaintiffs' Motion to Remand is **DENIED** in all respects. Further and *in accordance with the findings contained in this memorandum order*, *this court will issue a Report and Recommendation recommending that the LDEQ be dismissed from this suit*." (Emphasis added.)

The Magistrate Judge specifically ruled that the plaintiffs had no reasonable possibility of recovery against the LDEQ and thus it was improperly joined. Based on this finding, the Magistrate Judge further ruled that it would issue a Report and Recommendation recommending that the LDEQ be dismissed from this suit. No deadlines were provided in the Memorandum Order or the email.

Three (3) minutes later, the Court issued the Report and Recommendation recommending that the LDEQ be dismissed. It also stated "that the parties aggrieved by this recommendation have fourteen (14) *business days* from service of this report and recommendation to file specific, written objections with the Clerk of Court." (Emphasis added.)

In conjunction with providing this ruling, the Docket Text in the email specifically stated as follows:

> **"REPORT AND RECOMMENDATIONS recommending that the Louisiana Department of Environmental Quality be DISMISSED from this action. Objection to R&R due by 4/16/2015. Signed by Magistrate Judge Kathleen Kay on March 30, 2015."** (Attached as Exhibit "C.")

Obviously, the Magistrate Judge established that objections be filed by 4/16/2015. While plaintiffs agree that typically, if a deadline is not established by the Court, a fourteen (14) day deadline applies, the Magistrate Judge or a District Judge has the authority to modify the time period for filing objections pursuant to the Western District's local rules. Local Rule 74.1(B) Method of Appeal, Reports and Recommendations, provides as follows:

> "A party may object to a magistrate judge's proposed findings, recommendations or report by filing with the clerk within 14 days after being served with a copy thereof, a written objection which specifically identifies the portion or portions of the proposed findings, recommendations or report to which objection is made, the basis for such objection and a written memorandum in support thereof.  **The magistrate judge or district judge may modify the time period allowed for the filing of such objections.**  Any party may response to another party's objections within 14 days after being served with a copy thereof."  (Emphasis added.)

In the instant case, the Magistrate Judge extended the deadline – as she is allowed to do under Rule 74.1(B) – by extending the time to file objections to her rulings within 14 "business days."  Hence, the April 16, 2015 deadline is not a mistake by the Clerk of Court as IP suggests.  Rather, it is the true deadline as measured from the date of service (March 30, 2015) as the Magistrate Judge ordered in her report.  And despite IP's rebuke of plaintiffs, no clarification was needed because the deadline was 1) made clear in the Magistrate Judge's Order, 2) accurately reflected in the minute entry received, and 3) within the legal authority of the Magistrate Judge.

In short, the Magistrate Judge clearly established a deadline for objecting to her rulings.  The Docket Text of the Clerk's statement specifically states that it was signed by Magistrate Judge Kathleen Kay on March 30, 2015.  The deadline relied on by the plaintiffs was established by the Magistrate Judge and not the Clerk.  She modified the deadline and had the authority and discretion to do so.  It was not a "misstatement of the time delays" as IP argues.  The plaintiffs complied with this deadline and timely filed their objections on April 16, 2015, as required by this Honorable Court.

Finally, IP attempts to argue that two different deadlines apply; one to the Magistrate Judge's Memorandum Ruling and another to her Report and Recommendation even though both rulings are inextricably based upon the *exact* same issue, i.e. that the LDEQ was an improperly

joined party.  Indeed, one cannot exist without the other.  That is, the Court must dismiss the LDEQ in order to deny Plaintiffs' Motion to Remand and maintain jurisdiction over the matter.  To do otherwise defeats this Court's jurisdiction.

As a result, it is utterly nonsensical to conclude the Magistrate Judge would intentionally create two different appeal deadlines for the exact same issue albeit contained in two different documents issued three minutes apart.  To so conclude is the epitome of form over substance and plaintiffs urge IP's arguments in these regards be rejected as such.

## CONCLUSION

The Memorandum Ruling and Report and Recommendations were rendered at the same time and it is incomprehensible how they could both have separate objection deadlines.  The Magistrate Judge established a deadline of 4/16/15 and had the authority to do so.  The plaintiffs reasonably relied on the deadline provided in the Docket Text which was formal notice provided by this Honorable Court.  The defendant's arguments have absolutely no merit and should be denied.

Respectfully submitted,

/s/ Jere Jay Bice
**JERE JAY BICE**
Bar No. 18793
VERON, BICE, PALERMO & WILSON, L.L.C.
721 Kirby St., 70601
P.O. Box 2125
Lake Charles, LA 70602-2125
Telephone: (337)310-1600
Facsimile: (337) 310-1601

4

**KENNETH JAY DELOUCHE,**
Bar No. 28550
THE DELOUCHE LAW FIRM, L.L.C.
703 E. Fourth Street
DeQuincy, LA 70633
Telephone: (337) 786-2737
Facsimile: (337) 786-3085

**CHARLES A. "SAM" JONES, III**
Bar No. 14404
105 N. Stewart Street
P.O. Box 995
DeRidder, LA 70634-0995
Telephone: (337) 463-5532

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ALVIN P. REED, ET AL** | * | **CIVIL ACTION NO. 14-CV-2598** |
| | * | |
| **VERSUS** | * | **JUDGE PATRICA MINALDI** |
| | * | |
| **INTERNATIONAL PAPER** | * | |
| **COMPANY, ET Al** | * | **MAGISTRATE KATHLEEN KAY** |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and forgoing Plaintiffs' Memorandum in Opposition to Defendant's Motion to Strike Plaintiffs' Objection to Report and Recommendations Denying Plaintiffs' Motion to Remand and Granting *Sua Sponte* Summary Dismissal of the LDEQ was filed electronically with the Clerk of Court using the CM/ECF system.

This 22nd day of April, 2015, Lake Charles, Louisiana.

/s/ Jere Jay Bice
**JERE JAY BICE**

6