UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **REED ET AL** | : | **DOCKET NO. 2:14-cv-02598** |
| **VS.** | : | **JUDGE MINALDI** |
| **INTERNATIONAL PAPER CO ET AL** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a Motion to Remand filed by landowner Alvin P. Reed and numerous co-plaintiffs (hereinafter "plaintiffs") challenging a Notice of Removal filed by defendant International Paper Company (hereinafter "defendant") on August 26, 2014. Plaintiffs also seek attorney's fees. For the reasons stated below, the plaintiffs' motion is hereby **DENIED** in all respects and by separate Report and Recommendation we recommend that the co-defendant Louisiana Department of Environmental Quality (hereinafter "LDEQ") be dismissed from this case.

### I.
#### FACTS & PROCEDURAL HISTORY

Between 1937 and 1997 the defendant and its predecessor operated a wood preservation and treatment facility on seventy-five acres of land in DeRidder, Louisiana. Though the facility ceased active operation in 1997, the defendant still owns and maintains the site. Doc. 1, att. 1, p. 5-6. On July 17, 2014, the plaintiffs filed a petition in state court alleging that the defendant's various activities on the site caused toxic chemicals to leach into the soil adversely affecting the same and contaminating ground water in the area. These toxic chemicals, say the plaintiffs, have now migrated to the surrounding communities where they have caused damage to the plaintiffs'

-1-

**EXHIBIT "A"**

properties. Named as co-defendant in this action is the LDEQ, a state agency charged with environmental protection and regulation. *See* La. R.S. §30:2011.

The plaintiffs' petition raises numerous claims against the defendant seeking damages for negligence because of its alleged failure to adequately stop, contain, and prevent the further spread of toxic chemicals into the subsoil in and around their respective properties. Against the LDEQ the plaintiffs seek damages for *inter alia* the agency's negligence in failing to adequately warn the surrounding landowners of the contamination and in failing to conduct adequate inspections of the site as required by law. Doc. 1, att. 1, pp. 15-16.

The defendant is a New York corporation with its principal place of business in Tennessee. Like the plaintiffs, the LDEQ is domiciled in Louisiana.

On August 26, 2014, the defendant filed a Notice of Removal in this court arguing that the LDEQ was improperly joined to this suit in order to defeat diversity. Specifically, the defendant claims that the plaintiffs have failed to establish a cause of action against the LDEQ because there is no possibility of recovery against it. In support of its argument, the defendant asserts that 1) the agency owed no duty to carry out the actions the plaintiffs claim it failed to perform, and 2) even if it failed to take those actions, they were discretionary acts for which the agency is immune from liability under Louisiana law. Doc. 1, pp. 11-13. In a later submission to this court, the defendant further contended that the plaintiff's allegations against the LDEQ in this court are improper in any event because the allegations against it are attempts to challenge the LDEQ's failure to implement its own regulations. Such claims, say the defendant "seek to collaterally challenge an agency action or inaction which involves public matters within the exclusive jurisdiction of LDEQ…" Doc. 10, p. 21.

The plaintiffs filed this motion to remand asserting that Louisiana law clearly recognizes causes of action against the LDEQ at least for its failure to adequately warn of environmental contamination and for its failure to make "timely and meaningful" inspections of the facilities it regulates. The plaintiffs further contend that the agency is not immune from liability because the actions it allegedly failed to carry out were non-discretionary duties not covered under the "discretionary act immunity" provision of La. Rev. Stat. §9:2798.1. Doc. 7, att. 1. pp. 15 *et. seq*.

At the plaintiffs' request we held a hearing on this matter during which both parties reiterated the arguments raised in earlier submissions to this court. We took the matter under advisement and allowed the parties ten days to file supplemental documents or briefs on the issues discussed at their option. Neither party submitted additional briefing.

Amount in controversy is not in dispute and we find that it is met. Thus the primary issue before us is that of the alleged improper joinder of LDEQ.

## II.
### LAW & ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 USC §1441(a). District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 exclusive of interest and costs, and is between citizens of different states, and if removal is based on the diversity provisions of 28 USC §1332(a)(1) then the action is removable only if there is complete diversity and "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 USC §1441(b); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The removing party bears the burden of showing that removal is procedurally proper

and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

If removal is based on a claim that a non-diverse party has been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or "an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)). Only the latter method is relevant here because the defendant in this case has not alleged actual fraud in the pleading of jurisdictional facts. Thus, the relevant question before us is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiffs against the non-diverse defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against a non-diverse defendant." *Smallwood*, 385 F.3d at 573. If removal is to succeed, "there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Ross v. CitiFinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003) (emphasis in original) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)).

Claims of improper joinder are subjected to an analysis similar to that applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), though the scope of the inquiry for fraudulent joinder is somewhat broader. *Ross* 344 F.3d at 462. Thus, when determining whether there is a reasonable basis to predict the plaintiff might recover against a non-diverse defendant, a court must first look to the allegations of the complaint to determine whether it adequately states a claim against that defendant. *Smallwood* 385 F.3d at 573. Additionally, in order to

determine if a party has been fraudulently joined, the district court *may* pierce the pleadings and consider summary judgment-type evidence in the record, but the court must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff. *Travis,* 326 F.3d at 648-49.

The question whether an allegation in a complaint adequately states a claim was notably considered in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). There, the Supreme Court held that a plaintiff's allegation sufficiently states a claim if, assuming the facts supporting it are true, it contains enough factual support to state a facially plausible claim to relief. *Ashcroft*, 556 U.S. at 678 *(citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Specifically, the Court found that while pleadings generally do not

> require detailed factual allegations, [they do demand] more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions…will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (internal quotations and citations omitted). Thus, overly broad generalities will not suffice because "the pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Brailey v. F.H. Cann & Associates, Inc.*, 2014 WL 7639909, at *3 (W.D. La. Dec. 5, 2014) (internal citations omitted).

In the case before us the plaintiffs' seek to assert negligence claims against the LDEQ. Under Louisiana law, negligence actions require that the plaintiff establish, *inter alia* that a defendant owed a duty to act in a certain way, that that duty was breached, and that the breach caused the plaintiff's injury. *Hill v. Lundin & Associates, Inc.* 260 La. 542, 256 So.2d 620 (1972).

Having reviewed the plaintiffs' petition we find that it fails to meet the standards under *Twombly* and *Iqbal*. The petition makes conclusory statements concerning numerous unsubstantiated "duties" owed by LDEQ. Further, while it alleges multiple acts of wrongdoing by the LDEQ, the petition fails to support those allegations with specific facts. For instance, the petition states that "LDEQ owes[d] a duty to implement its statutory function of protecting the environment…in a manner protective of human health and property" and "[a]s such,…is specifically charged with implementing remediation criteria…that prevent…migration…of contaminates onto private properties…" Doc. 1, att. 1, p. 15. It then goes on to state that in addition to these duties the "LDEQ has the further duty to require regulated facilities…to actively and aggressively respond to unauthorized…discharges of pollutants…and to require polluters…to fully…delineate the scope…of such contamination as well as design, construct, maintain, and operate remediation programs and equipment in a manner that protects…innocent persons and…properties." *Id*. Finally, the petition conclusively notes that the "[d]efendant LDEQ breached these duties." *Id*.

Beyond these bare, conclusory contentions we are given no specific acts or omissions, no specific dates, and despite the plaintiffs' naked assertion otherwise, no reference to any specific "statutory mandates" applicable to the LDEQ with respect to the conduct in question. Doc. 1, att. 1, p. 16. Indeed, with perhaps one exception (discussed below), none of the plaintiffs' allegations indicate that LDEQ failed to perform any specific, statutorily defined duty. Instead, and without support, they simply claim that duties were owed and that the purported "duties" were either not performed or were not *properly* carried out. Without more, this is insufficient.

The statute on which the plaintiffs rely to establish these alleged duties, La R.S. §30:2011(D), states that LDEQ, by virtue of its secretary, has the following powers and duties among others:

….

(2) To *grant or deny* permits, licenses, registrations, variances, or compliance schedules as are provided for in this Subtitle. The secretary shall have the general power to require such conditions in individual instances as are necessary to assure compliance with applicable federal laws and regulations relating to this Subtitle….

(6) To issue such orders or determinations *as may be necessary to effectuate the purpose of this Subtitle*, to issue cease and desist orders as provided in R.S. 30:2025, and to delegate the power to issue such orders to the appropriate assistant secretary….

(8) To encourage, participate in, or conduct, studies, investigations, training programs, research, and demonstrations *to further the purposes* of this Subtitle….

(13) To conduct inspections and investigations and enter facilities as provided in R.S. 30:2012….

La. R.S. §30:2011 (emphasis added). We read these provisions to be permissive. The language indicates that the secretary of the LDEQ is responsible for furthering a policy, "[t]he maintenance of a healthful and safe environment in Louisiana." La. Rev. Stat. Ann. 30:2003. The methods by which that policy is carried out are "policymaking acts" for which the agency is statutorily immune from suit under La. R.S. §9:2798.1. The means the agency uses to do so are within the discretion of the secretary and are not to be dictated by a plaintiff who believes that the policy has not been *adequately* effectuated unless he or she can point to some specific statutory duty that has not been carried out. The plaintiffs in this case have not done so.

From our review of the petition, we find that only one of the plaintiffs' allegations could potentially have merit: the alleged failure of LDEQ to conduct routine site inspections, as

specifically required by La. R.S. §30:2011(D)(13).[1]   But even this assertion lacks factual support.

The LDEQ has a statutory, non-discretionary duty under La. R.S. §30:2011 and La. R.S. §30:2012 to conduct routine site inspections. The court in *Wilson v. Davis*, (La. App. 1 Cir. 5/28/08), 991 So.2d 1052,[2] recognized that duty but held that the plaintiff in that case had not provided sufficient evidence to show that the LDEQ failed to conduct the requisite inspections because she had failed to

> identify, describe, or present evidence of: (1) applicable statutes, rules or regulations that [L]DEQ was mandated to have to comply with, or to have ensured other defendants complied with; (2) inspections that were mandated to have been performed, but were not; (3) specific non-discretionary duties defendants owed to them; (4) actions the state defendants were mandated to have taken, particularly with respect to warning of radioactive contamination; (5) when the specific breach of duty by the state defendants occurred; and (6) how any actions or inactions by the state defendants caused actual damage to plaintiffs or their property.

991 So. 2d at 1058.  Similarly, the plaintiffs here have not provided any such evidence to suggest an actionable claim against the LDEQ for its failure to conduct inspections.  Beyond the allegation itself, the plaintiffs provide no specific facts with respect to any particular violation of either La R.S. §30:2012 or La R.S. §30:2011. Furthermore, the defendant has submitted factual

---

[1] While the plaintiffs' allege that they have also asserted a viable cause of action for LDEQ's failure to "timely and adequately" warn them of the contamination to their property, we see no evidence of such a duty imposed on the LDEQ either by statute or by the jurisprudence. We are not persuaded by the plaintiffs' reliance on *Robichaux v. State ex rel. Dep't of Health & Hospitals*, 2006-0437 (La. App. 1 Cir. 12/28/06), 952 So. 2d 27, 41. The primary issue in that case was class certification under La. Code Civ. Proc. Art. 591, not the validity or existence of a cause of action against LDEQ for its alleged failure to warn property owners of contamination.

[2] In *Wilson v. Davis* the plaintiff asserted a cause of action against LDEQ claiming that as early as 1979, the agency was aware of co-defendant Coastal Radiation Services, Inc.'s contamination of the plaintiff's property, but nonetheless ceased inspections thereof in the early 1980s allowing Coastal's activities to continue. The plaintiff asserted that if LDEQ had acted appropriately when it learned of Coasstal's contamination, she and her family would never have been exposed to hazardous radioactive materials. LDEQ filed a motion for summary judgment which the district court denied. On appeal, the agency argued *inter alia* that summary judgment had been improperly denied because the plaintiff had not shown that LDEQ owed a specific non-discretionary duty. The appellate court held that the LDEQ did have a non-discretionary duty to make routine inspections of sites under its authority pursuant to La. R.S. 30:2012 but found that summary judgment should have been granted because the plaintiff had not provided sufficient evidence to show that that duty had been breached.

evidence to this court suggesting that more than eighty inspections of the site in question have been conducted since 1982, each of them occurring at least annually and in several instances multiple times per year. Doc. 10, att. 1, pp. 5-94. In light of this evidence we cannot draw a reasonable inference that LDEQ is liable for any misconduct, and without "further factual enhancement" by the plaintiffs we cannot conclude that their "naked assertion" against the agency sets forth a "claim to relief plausible on its face." See *Ashcroft*, 556 U.S. at 678; *Twombly,* 550 U.S. at 570.

As a final matter, we address the argument raised by the defendants that the plaintiffs' negligence action is impermissible because it seeks to collaterally attack the agency on matters exclusively within LDEQ's jurisdiction.

The plaintiffs' remaining allegations against the LDEQ seek to challenge the implementation and effectiveness of the agency's self-imposed orders and regulations, particularly those involving remedial measures imposed on inactive hazardous waste sites. Doc. 1, att. 1, p. 16. Such claims must be pursued via the LDEQ's administrative enforcement procedures under La. R.S. §30:2025 or La. R.S. §30:2026 if it is applicable.[3] Thereafter, any adverse agency decisions may be appealed to the appropriate appellate court for review, but they are not in any event subject to the original jurisdiction of the district courts. *Matter of Am. Waste & Pollution Control Co.*, 588 So. 2d 367, 373 (La. 1991). Thus, to the extent the plaintiffs are attempting to challenge the LDEQ's execution of its own orders and regulations through tort remedies, those claims are not properly before this court.

More significantly, however, the plaintiffs, here, are attempting to hold the LDEQ liable for alleged violations of the Louisiana Environmental Quality Act (EQA). While the EQA

---

[3] La R.S. §30:2026 provides for citizen suits against violators of the Environmental Quality Act (EQA) in the event the LDEQ either refuses or has failed to pursue such claims.

provides private citizens with enforcement remedies (civil penalties, damages, and injunctive relief) against violations committed by persons under the authority of the LDEQ, it does not allow for such remedies against the LDEQ itself. *Sierra Club v. Givens*, 97-0959 (La. App. 1 Cir. 9/26/97), 710 So. 2d 249, 250. Thus, the plaintiffs do not have a viable cause of action in tort against the LDEQ for the alleged violations of the EQA.

### III.
#### CONCLUSION

For the reasons set forth above, we find that the defendant has carried its burden of showing the plaintiffs have no reasonable possibility of recovery against the LDEQ. Thus, the agency was improperly joined to this action. The plaintiffs' Motion to Remand is **DENIED** in all respects. Further and in accordance with the findings contained in this memorandum order, this court will issue a Report and Recommendation recommending that the LDEQ be dismissed from this suit.

THUS DONE AND SIGNED in Chambers this 30th day of March, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **REED ET AL** | : | **DOCKET NO. 2:14-cv-02598** |
| **VS.** | : | **JUDGE MINALDI** |
| **INTERNATIONAL PAPER CO ET AL** | : | **MAGISTRATE JUDGE KAY** |

REPORT AND RECOMMENDATION

In a separately issued Memorandum Order, this court determined that the plaintiffs herein had not stated a cause of action against the Louisiana Department of Environmental Quality (hereinafter "LDEQ") and that the agency was therefore improperly joined in this suit. On those grounds, we denied the plaintiffs' motion to remand.

Further, and for the reasons stated in the Memorandum Order this court recommends that the LDEQ be **DISMISSED** from this action.

Under the provisions of 28 U.S.C. Section 636 and Rule 72, parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions

**EXHIBIT "B"**

accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 30th day of March, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

**Mary C**

| | |
|---|---|
| **From:** | Reply@lawd.uscourts.gov |
| **Sent:** | Monday, March 30, 2015 1:25 PM |
| **To:** | Clerk@lawd.uscourts.gov |
| **Subject:** | Activity in Case 2:14-cv-02598-PM-KK Reed et al v. International Paper Co et al Report and Recommendations |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

### Western District of Louisiana

**Notice of Electronic Filing**

The following transaction was entered on 3/30/2015 at 1:25 PM CDT and filed on 3/30/2015

| | |
|---|---|
| **Case Name:** | Reed et al v. International Paper Co et al |
| **Case Number:** | [2:14-cv-02598-PM-KK](#) |
| **Filer:** | |
| **Document Number:** | [17](#) |

**Docket Text:**
**REPORT AND RECOMMENDATIONS recommending that the Louisiana Department of Environmental Quality be DISMISSED from this action. Objections to R&R due by 4/16/2015. Signed by Magistrate Judge Kathleen Kay on March 30, 2015. (crt,Benoit, T)**

**2:14-cv-02598-PM-KK Notice has been electronically mailed to:**

Charles A Jones, III     samjones5532@yahoo.com, mrspamyoung@yahoo.com

Michael A Chernekoff     mchernekoff@joneswalker.com, dsmith@joneswalker.com, rmiller@joneswalker.com

Jere Jay Bice     jay@veronbice.com, info@veronbice.com

Kenneth Jay DeLouche     jaydelouche@mediastreamus.net, jaydelouche@delouchelawfirmllc.com

Lauren Courtney Mastio     lmastio@joneswalker.com, lmarr@joneswalker.com

Heather Lindsey Kirk     hkirk@joneswalker.com, bschmitt@joneswalker.com

1



**EXHIBIT "C"**

**2:14-cv-02598-PM-KK Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045083339 [Date=3/30/2015] [FileNumber=3775006-0
] [9cdbd73da9ab13b84063f1e5cf7e21f30186772e7c7dfb192e5d5a6b302031a9dc9
ef9f2076e1d3fe10bb3ff99b7c627bc6996ee6ae45bc41756ab70c59f34e8]]