UNITED STATES DISTRICT COURT
STATE OF LOUISIANA
WESTERN DISTRICT

| | |
|---|---|
| ALVIN P. REED and BETTY REED, ALLEN JAMES ANDERSON and SARAH JANE ANDERSON, BILLIE JEAN VERNIER, MURPHY ASHWORTH, CLIFFORD MOLOY MOUNT and KIMBERLY ASHWORTH MOUNT, THOMAS LEE WORTHEN and MARY LOUISE WORTHEN, JERRY DON WHITTINGTON and DEBRA WHITTINGTON, JAMES VERNON MOSES | CIVIL ACTION NO. 14-CV-2598 <br><br> JUDGE: MINALDI |
| VERSUS | |
| INTERNATIONAL PAPER COMPANY AND STATE OF LOUISIANA, DEPARTMENT OF ENVIRONMENTAL QUALITY | MAGISTRATE JUDGE: KAY |

REPLY MEMORANDUM IN FURTHER SUPPORT OF
INTERNATIONAL PAPER COMPANY'S MOTION TO STRIKE

Defendant, International Paper Company ("IP"), respectfully submits this *Reply Memorandum in Further Support of International Paper Company's Motion to Strike* to address several factual and legal issues raised by Plaintiffs in their *Memorandum in Opposition to Defendant's Motion to Strike Plaintiffs' Objection to Report and Recommendations Denying Plaintiffs; Motion to Remand and Granting Sua Sponte Dismissal of the LDEQ* ("Opposition") (Rec. Doc. 24).  For the reasons discussed herein and in IP's Memorandum in Support (Rec. Doc. 20-1), IP's Motion to Strike should be granted in its entirety, or alternatively, Plaintiffs should be precluded from objecting to the Magistrate's denial of the Motion to Remand.

Plaintiffs argue that IP's position on the deadline is "nonsensical."  It is hardly that. Rather, it is firmly grounded on 28 USC 636(b)(1), Fed. R. Civ. P. 74, and LR 74.1.  The Rules unambiguously provide for 14 days, not 14 business days.

Plaintiffs' Objection seeks to merge the two rulings of March 30, 2015 into one single ruling.  They are indeed two separate rulings.  The law clearly distinguishes between matters on which the Magistrate may rule (hence the Memorandum Ruling) as opposed to matters that require a recommendation (hence the Report and Recommendation).  Otherwise, there would have been no reason for the Magistrate Judge to issue both a Memorandum Ruling and a Report and Recommendation.  And, the requirements for objecting to a Memorandum Ruling on a Motion to Remand are not the same as the requirements for objecting to a Report and Recommendation on a dismissal of a party.  *See* 28 USC 636(b)(1)(A) and (B), Fed. R. Civ. P. 74(a) and (b), and LR 74.1A and B; *see also Carter v. C.N.H. America, LLC*, No. 05-1875, 2006 WL 3842215, at *2 (W.D. La. Dec. 29, 2006) ("In their Objection to the Report and Recommendation, Plaintiffs claim that the Magistrate Judge erred in denying their Motion to Remand. Plaintiffs did not appeal this ruling, and, therefore, are barred from 'assign[ing] as error a defect in the magistrate judge's [ruling] to which objection was not timely made.' Fed.R.Civ.P. 72(a)").  Plaintiffs wholly fail to address the clear legal distinction drawn by 28 USC 636(b)(1)(A) and (B), Fed. R. Civ. P. 74(a) and (b), and LR 74.1A and B.  Nevertheless, both require action within 14 days, not 14 business days.

It now seems quite apparent why Plaintiffs sought to merge the two rulings into one – they were clearly and undeniably late in objecting to the first ruling – the Memorandum Ruling denying the Motion to Remand.  The Plaintiffs instead rest on a statement in the Report and Recommendation – the 2nd ruling – that objections to that ruling were due within 14 business days.  That statement deviates from the rule, and the Magistrate Judge did not specifically state she was considering that issue and enlarging the time to object.  If that was her actual intention

regarding objections to the Report and Recommendation, then so be it.   However, no such enlargement was hinted at regarding the separate Memorandum Ruling.

In short, there is no question that Plaintiffs' Objection, particularly with respect to the denial of the Motion to Remand, is untimely.   Accordingly, this Honorable Court should grant IP's *Motion to Strike Plaintiffs' Objection to Report and Recommendations Denying Plaintiffs; Motion to Remand and Granting Sua Sponte Dismissal of the LDEQ*.

Respectfully submitted,

/s/    *Michael A. Chernekoff*
MICHAEL A. CHERNEKOFF (La. Bar No. 01295)
Federal ID No. 257100
Jones Walker LLP
First City Tower
1001 Fannin Street, Suite 2450
Houston, Texas 77002
Telephone:  (713) 437-1827
Facsimile:  (713) 437-1810

and

/s/    *Lauren C. Mastio*
LAUREN C. MASTIO (La. Bar No. 33077)
HEATHER L. KIRK (La. Bar No. 35192)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8518
Facsimile:  (504) 589-8518
**Attorneys for International Paper Company**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by U.S. Mail and/or by filing the same in this Court's CM/ECF System this 23rd day of April, 2015.

/s/    *Lauren C. Mastio*
**LAUREN C. MASTIO**